## BOWER v DAVENPORT

Ohio Appeals, 3rd Dist, Crawford Co
No 1276.  Decided Mar 11, 1931

Alfred S. Leuthold, Bucyrus, for Bower.
C. V. Villrath, Bucyrus, for Davenport.

**KLINGER, J.**

We have carefully examined the briefs of counsel on both sides and conclude that the allowance in lieu of a homestead could only be made to a resident of Ohio being the head of a family and not the owner of a homestead.

At the time of his demand, although the homestead was incumbered for more than its value, Lafayette H. Bower was still its only owner.

The rights involved in this proceeding arise by virtue of §11738 GC.

The law does not impose upon the sheriff the duty of ascertaining the existence and validity of, and the amount due upon, incumbrances upon the property, real or personal, of the execution debtor. **Bartram v McCracken, 41 Oh St 377. Littleman v Boning, 3 W.L.B. 296. Biddinger et al v Pratt, 50 Oh St 719. Shumacher v Ohio Savings & Trust Company, 121 Oh St 446. Mercer v Cunningham, 53 Oh St, 353.**

A number of authorities have been cited by counsel for the plaintiff. However, upon examination, we find that in those instances where exemptions were allowed in lieu of a homestead, the levy and sale was made after the foreclosure proceedings or the disposition of the homestead. The authorities are quite numerous, that then the exemption should be allowed. But in the case at bar, there was no decree of foreclosure before either the levy or sale of the chattels, and for that reason no right exists to demand this property in lieu of a homestead.

For these reasons, the finding and judgment of the Court of Common Pleas will be affirmed.